**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| BABU KALLUVILAYIL, ID # 584945, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:13-CV-1188-M  (BH) |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is petitioner's *Objection to Notice of Deficiency and Order,* received April 19, 2013 (doc. 10), which is construed as a motion to stay the federal habeas proceeding so that he may exhaust certain claims in state court. Based on the relevant findings and applicable law, the motion should be denied.

**I.  BACKGROUND**

Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). On March 15, 2013, the Court received petitioner's motions to proceed *in forma pauperis* (IFP) and for a copy of his trial record so that he could prepare a federal habeas petition. (docs. 4, 5). These motions were construed as a new federal habeas petition challenging petitioner's state conviction, and his motion to proceed IFP was granted. (docs. 3, 6). The Court ordered petitioner to file his habeas petition on the proper form and advised him that failure to do so could result in the dismissal of his case without prejudice. (doc. 7). His current filing requests that his federal petition not be dismissed and states that he has filed a subsequent state habeas application raising new claims that challenge his conviction in Cause No. F91-00956. It further states that he intends to file his federal habeas petition after these claims are exhausted. (doc.

10). Based on the relief requested, the filing is construed as a request to stay petitioner's federal habeas proceeding until he has exhausted his claims in state court.

## II. REQUEST TO STAY AND ABATE

The Fifth Circuit has held that where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The record reflects that petitioner has filed four state writs challenging his 1991 conviction for murder. The first was dismissed by the Texas Court of Criminal Appeals because it did not comply with state procedural rules. *See Ex parte Kalluvilayil*, WR-73,871-03 (Tex. Crim. App. Dec. 8, 2010). The second was denied on its merits. *See Ex parte Kalluvilayil*, WR-73,871-05 (Tex. Crim. App. July 13, 2011). The third was dismissed as an abuse of the writ. *See Ex parte Kalluvilayil*, WR-73,871-07 (Tex. Crim. App. Feb. 20, 2013). Petitioner's fourth state writ, which was received by the trial court on April 23, 2013, is currently pending before that court. (*See* www.dallascounty.org, search Cause No. W-9100956-D). Petitioner has failed to either allege or establish good cause for failing to exhaust his recent claims earlier, or that the claims are potentially meritorious and are not barred by the relevant statute of limitations. *See* 28 U.S.C. § 2244(d). Petitioner has therefore not demonstrated that a stay and abeyance should be granted in this case. Accordingly, his motion should be denied.

## III.  RECOMMENDATION

Petitioner's motion to stay and abate should be **DENIED**.

**SIGNED this 30th day of April, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE