IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BABU KALLUVILAYIL, ID # 584945,              ) | |
|       Petitioner,                                                    ) | |
| vs.                                                                        ) | No. 3:13-CV-1188-M  (BH) |
|                                                                             ) | |
| RICK THALER, Director,                                   ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal                          ) | |
| Justice, Correctional Institutions Division,   ) | |
|       Respondent.                                                 ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, petitioner's claims challenging his 1991 conviction for murder should be **DENIED** as time-barred, and his claim challenging the denial of mandatory supervision in his case should be **DENIED** with prejudice.

**I. BACKGROUND**

Babu Kalluvilayil (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

After having pled not guilty, Petitioner was convicted by a jury of the offense of murder in Cause No. F91-00956 on March 22, 1991 in Dallas County, Texas. (Petition (Pet.) at 2; *see also Kalluvilayil v. State*, 1992 WL 141385 (Tex. App.–Dallas, June 22, 1992, no pet.)). He was sentenced to life imprisonment. *Id*. On appeal, Petitioner challenged the failure to suppress evidence obtained after his arrest and of an extraneous offense, and he argued that his trial counsel was ineffective in numerous respects. *Kalluvilayil v. State*, slip op. at *1. The Fifth District Court of Appeals affirmed Petitioner's conviction in an unpublished opinion on June 22, 1992. *Id*. He did not file a petition for discretionary review.

Petitioner has filed numerous state writ applications. His first was filed on October 20, 2008, and was dismissed as non-compliant with state procedural rules on December 8, 2010. (Pet. at 4); *see Ex parte Kalluvilayil*, WR-73,871-03 (Tex. Crim. App. Dec. 8, 2010). His second state writ was filed on February 11, 2011, and it was denied on its merits on July 13, 2011. (Pet. at 4); *see Ex parte Kalluvilayil*, WR-73,871-05 (Tex. Crim. App. July 13, 2011). His third state writ was filed on December 7, 2012, and it was dismissed as an abuse of the writ on January 18, 2013. *See Ex parte Kalluvilayil*, WR-73,871-07 (Tex. Crim. App. January 18, 2013). Petitioner filed a fourth state writ on April 23, 2013, which remains pending in the trial court. (*See* www.dallascounty.org, search Petitioner's criminal history). He mailed a motion to proceed *in forma pauperis* and a motion for a free copy of the trial records in a prior closed federal habeas case, which this Court construed as an attempt to file a federal petition on March 8, 2013. (doc. 4 at 4). He mailed an amended federal petition on May 6, 2013. (Pet. at 16).[1]

## II.  STATUTE OF LIMITATIONS

### A.  Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Title I substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction

---

[1] Petitioner's prior federal petition, filed in 2002, challenged a disciplinary action at his prison unit. It was summarily dismissed and is not relevant to his current petition. *See Kalluvilayil v. Dretke*, No. 3:02-cv-1618-M (N.D. Tex. September 16, 2004).

became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D). Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

In this case, Petitioner appealed his conviction but filed no petition for discretionary review. His state conviction became final for purposes of § 2244(d) upon the expiration of the time frame for seeking further review after his conviction was affirmed on direct appeal (July 22, 1992, thirty days after the appellate court rendered its judgment on June 22, 1992). *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR).

Where a conviction became final before the April 24, 1996 enactment of the AEDPA, the petitioner had one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen comput-

3

ing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Petitioner is therefore entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

Eleven of Petitioner's twelve claims challenge his conviction and sentence and allege errors during his arrest, at trial or on appeal. (Pet. at 6-7.4). Under subparagraph (D), the facts supporting these claims became known or could have become known prior to April 24, 1996. Because he filed his petition almost sixteen years after this date, a literal application of § 2244(d)(1) renders these eleven claims untimely.

B. **Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner has filed four state writs, one of which was filed in 2008 and dismissed in 2010, one of which was denied on its merits in 2011, one of which was dismissed in 2013, and one of which remains pending. All of Petitioner's state writs were filed well after April 24, 1997, when the one-year limitations period ended. Therefore, none of them statutorily toll the statute of limitations., and this tolling provision does not save Petitioner's federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168,

4

170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

  Here, Petitioner has presented no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his federal petition earlier. He only that the one-year statute of limitations does not apply to his conviction. (Pet. at 15). He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his first eleven claims challenging his conviction are barred as untimely.

5

### III. MANDATORY SUPERVISION

Petitioner's final ground for relief, in which he challenges the denial of mandatory supervision in his case, may arguably be timely. Petitioner does not state when he was first made aware that he was not aware that he was ineligible for mandatory supervision, but he first challenged this denial in his third state writ that was filed on December 7, 2012; it was dismissed on January 18, 2013. (Pet. at 5). Even assuming that this claim is timely under § 2244(d)(1)(D), because he filed his federal petition within one year of the date on which the facts supporting this claim became known or could have become known through the exercise of due diligence, this claim is without merit.

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995)). In 2001, the Texas Court of Criminal Appeals held that "a life-sentenced inmate is not eligible for release to mandatory supervision" under Texas law and that his law had not changed substantially since 1981. *Ex parte Franks*, 71 S.W.3d 327, 327-328 (Tex. Crim. App. 2001). Because Petitioner is not eligible under Texas law to be released on mandatory supervision, he does not have a constitutionally protected interest in mandatory supervision. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). Accordingly, because there is no constitutional violation, this claim is without merit.

### IV. RECOMMENDATION

The Court should find that Petitioner's claims challenging his 1991 conviction for murder are barred by the statute of limitations and that his claim challenging the denial of mandatory

6

supervision is without merit, and it should **DENY** Petitioner's federal petition with prejudice.

**SIGNED this 20th day of May, 2013.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7